IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY LLC, §<br>    Plaintiff, §<br> §<br>v. §<br> § Civil Action No.: 5:18-cv-00186<br> §<br>BART REAGOR AND RICK DYKES, §<br>    Defendants. § | |

# PLAINTIFF FORD MOTOR CREDIT COMPANY LLC'S REPLY TO DEFENDANT BART REAGOR'S OBJECTIONS TO PLAINTIFF'S PROPOSED AMENDED JUDGMENT

In anticipation of the hearing scheduled by the Court for July 11, 2019, Plaintiff Ford Motor Credit Company LLC ("Ford Credit") respectfully files this Reply to Defendant Bart Reagor's Objections to Plaintiff's Proposed Amended Judgment [Dkt. 48] ("Reply").

The Court granted summary judgment to Ford Credit on liability and damages, holding that the guaranties executed by Defendant Reagor unambiguously require him to "repay all of the dealerships' obligations" to Ford Credit, "including interest, costs, expenses, and attorneys' fees." (Dkt. 48 at 2). The only remaining issue is the amount of the judgment to be entered against Defendant Reagor.

Ford Credit offered evidence of its damages. (Dkt. 30, Ex. A; Dkt. 49). While Ford Credit does not believe any additional evidence is required, it is prepared to offer supplemental evidence at the July 11, 2019 hearing regarding the amounts that it has recovered against the indebtedness owed by the dealerships to date, as well as the accrued interest, costs, and expenses it has incurred to date as a result of the dealerships' defaults. In addition, Ford Credit submits this Response, to address certain objections and arguments raised by Defendant Reagor in his Objections to Plaintiff's Proposed Amended Judgment (Dkt. 48). As discussed below, those objections and

arguments are either attempts to re-litigate Ford Credit's already decided motion for summary judgment or are otherwise misplaced – and do not impede the entry of a properly calculated judgment in favor of Ford Credit.

## I.
## Defendant Reagor is Liable for Costs and Fees Incurred by Ford Credit in Connection with The Reagor-Dykes Dealerships' Bankruptcy Proceedings.

Defendant Reagor's argument that he is not liable for costs and fees incurred by Ford Credit in connection with the bankruptcy proceedings filed by the Reagor-Dykes Dealerships (Dkt. 48 at 11-13) is an attempt to re-litigate Ford Credit's summary judgment motion and is otherwise without merit.

First, this Court already held that the guaranties executed by Defendant Reagor unambiguously require him to "repay all of the dealerships' obligations" to Ford Credit, "including interest, costs, expenses, and attorneys' fees." (Dkt. 48 at 2). This Court's order permitting Defendant Reagor to object to "any sums or calculations" contained in Ford Credit's amended proposed judgment (Dkt. 48 at 2), was not an invitation to re-litigate the scope of his liabilities, or the Court's holding that those liabilities include *all* of the dealerships' obligations to Ford Credit.

And, regardless, Defendant Reagor unambiguously guarantied he would personally repay all such amounts and make Ford Credit whole for "all losses, costs, attorneys' fees or expenses" suffered as a result of the Reagor-Dykes Dealerships' default under their respective wholesale financing agreements, and pay Ford Credit a "reasonable attorney's fee (15% if permitted by law)" if those guaranties were "placed with an attorney for collection." *See* Dkt. 30, Ex. C at A21, D at A25, F at A35, H at A47, P at A100-104, Q at A106-110, S at A118, U at A131, W at A141, X at A145. As was already demonstrated on Ford Credit's motion for summary judgment, the dealerships' agreements with Ford Credit specifically identified bankruptcy filings as events of

default (among other events of default such as the dealerships' sales of vehicles out of trust) and obligated the dealerships to repay Ford Credit not only all amounts advanced to the dealerships but also Ford Credit's costs, fees, and legal expenses incurred as a result of the dealerships' defaults. *See* Dkt. 21 at ¶¶ 25, 48, 66, 110, 129, 146; Dkt. 23 at ¶¶ 25, 48, 66, 110, 129, 146.

Defendant Reagor is, therefore, liable for all of Ford Credit's losses, costs, attorneys' fees, or expenses suffered as a result of the dealerships' defaults – including all losses, costs, attorneys' fees or expenses incurred in connection with the dealerships' bankruptcy proceedings. And this Court has already found accordingly.

The specific provisions in the guaranties at issue distinguish this case from *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 [Tex. 2006]), upon which Defendant Reagor relies. (Dkt. 48 at 11). In that case, the party seeking attorneys' fees did so both on claims for which a recovery of fees was permitted and on which the recovery of fees was not permitted. *Id.* at 311-12. In that particular context, the court recognized that Texas law does not allow recovery of attorneys' fees "unless authorized by statute or contract," and thus required the party seeking attorneys' fees to segregate its fees. *Id.*

There are no such issues in the present case because, as this Court has already decided, there are contracts (the guaranties) that unambiguously require Defendant Reagor to repay Ford Credit for *all* of the dealerships' obligations to Ford Credit, including all losses, costs, attorneys' fees, or expenses it has incurred as a result of the dealerships' defaults. As a result, the *Tony Gullo Motors I* case simply does not apply.

In addition, the cases cited by Defendant Reagor concerning segregation of attorneys' fees incurred by parties in separately litigated non-dischargeability actions and adversary proceedings are similarly inapposite. *See, e.g.*, *In re Kinkaid*, 445 B.R. 731 (Bankr. N.D. Tex. 2011); *In re*

*WBH Energy, LP*, 2016 WL 3049666 (Bankr. W.D. Tex. May 20, 2016) (subsequent history affirming decision omitted); *In re Rose*, 2019 WL 326325 (Bankr. E.D. Tex. Jan. 23, 2019). Unlike those cases, this case does not involve collateral litigation concerning issues such as non-dischargeability. Instead, this case seeks to enforce unambiguous guaranties to repay *all* obligations of the defaulting dealerships.

Defendant Reagor's objection and argument on this issue is a misplaced attempt to claim the benefit of Ford Credit's recoveries in connection with the dealerships' bankruptcy proceedings, but to escape any obligation to repay the costs and fees incurred by Ford Credit in securing those recoveries. Neither the cases that he cites, nor his guaranties, permit this result. Instead, Ford Credit's costs and fees are not subject to segregation, and Ford Credit is entitled to recover all of them, because Defendant Reagor's guaranties say so.

## II.
## Defendant Reagor Is Liable for Ford Credit's Costs and Fees Incurred Pursuing Other Defendants in This Action.

Defendant Reagor next argues that Ford Credit must segregate its costs and fees for claims not involving him, citing Cullum v. Diamond A Hunting, Inc., 2010 WL 5817541 (W.D. Tex. Dec. 22, 2010) and Tempest Publishing, Inc. v. Hacienda Records & Recording Studio, Inc., 141 F. Supp. 3d 712 (S.D. Tex. 2015). (Dkt. 48 at 11-12). His reliance on these cases is again misplaced, as both cases are distinguishable.

In particular, in Cullum and Tempest Publishing, the courts reduced fee awards to account for claims on which the plaintiff did not prevail. Here, Ford Credit prevailed on its breach of contract claim against Defendant Reagor, and his guaranties unambiguously require him to pay "all losses, costs, attorneys' fees or expenses" suffered as a result of the Reagor-Dykes Dealerships' default under their respective wholesale financing agreements. See Dkt. 30, Ex. C at

A21, D at A25, F at A35, H at A47, P at A100-104, Q at A106-110, S at A118, U at A131, W at A141, X at A145. Therefore, there are no fees or costs to segregate.

Defendant Reagor's further argument that Ford Credit's attorneys' fees and costs must be segregated to account for claims against different defendants is equally unavailing. See, e.g., Birts v. Mott, 2006 WL 1851386, at *2 (W.D. Tex. June 13, 2006) (when guarantors agree by contract to pay all attorneys' fees and costs incurred enforcing the obligations of another party, they are jointly and severally liable for attorneys' fees and costs). Defendant Reagor does not, and did not, dispute that he was jointly and severally liable with Defendant Dykes under the guaranties (see Dkt. 36 at 15; Dkt. 42 at 9). And, in spite of his present arguments, Defendant Reagor previously admitted that he signed guaranties requiring him to pay "all losses, costs, attorneys' fees or expenses" which Ford Credit suffered by reason of the dealerships' defaults (see Dkt. 23, ¶¶ 38-47, 58-65, 94-109, 121-128, 139-145, 157-165) – which necessarily include the losses, costs, attorneys' fees or expenses that Ford Credit has expended in pursuit of recoveries (from any defendant) in the wake of those defaults.

## III.
## Ford Credit's Costs Are Not Limited by Statute.

Defendant Reagor next argues that Ford Credit's costs are limited to those set forth in 28 U.S.C. § 1920 (citing Gagnon v. United Technisource, Inc., 607 F.3d 1036 (5th Cir. 2010). He is wrong.

Defendant Reagor omits the well-established caveat that cost awards are only limited by Section 1920 in the absence of an "'explicit statutory or contractual authorization to the contrary.'" Id. at 1045 (quoting Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt. Inc., 491 F.3d 266, 274 (5th Cir. 2007). Here, the costs and fees awardable to Ford Credit are governed not by Section 1920, but by Defendant Reagor's unambiguous

guaranties to Ford Credit – which this Court has already held require him to "repay all of the dealerships' obligations" to Ford Credit, "including interest, costs, expenses, and attorneys' fees." (Dkt. 48 at 2).

## IV.
## Defendant Reagor's Guaranties Unambiguously Provide for Ford Credit's Recovery of All of Its Costs.

Finally, Defendant Reagor suggests that this Court should exercise its discretion in taxing costs based on Reagor's allegedly limited financial resources (citing Pacheco v. Mineta, 448 F.3d 783 (5th Cir. 2006). However, unlike the present case, the Pacheco case did not involve an express contract provision shifting all attorneys' fees and costs in favor of the party seeking them.

Again, as this Court already held, the guaranties executed by Defendant Reagor in favor of Ford Credit unambiguously require him to "repay all of the dealerships' obligations" to Ford Credit, "including interest, costs, expenses, and attorneys' fees." (Dkt. 48 at 2) (emphasis added). To hold otherwise would necessarily disregard the unambiguous guaranties, and the resulting obligation of Defendant Reagor to repay all costs incurred by Ford Credit as a result of the dealerships' defaults. This Court should not allow Defendant Reagor to escape that obligation – particularly since those costs have directly benefited him by securing recoveries that have reduced the amount owed under his guaranties.

## V.
## Defendant Reagor Is Liable for Ford Credit's Reasonable Attorneys' Fees

The lion's share of Defendant Reagor's objection to Ford Credit's proposed amended judgment is his challenge to the attorneys' fees and costs that Ford Credit has incurred in pursuing its rights against the Reagor-Dykes dealerships and their guarantors (including Defendant Reagor). (Dkt. 50, 5-17). All told, Ford Credit's attorneys' fees and costs (totaling $1,413,088.75 as of

June 3, 2019) account for less than 3 percent of the total judgment Ford Credit seeks against Defendant Reagor – and far less than the amount that Ford Credit could potentially recover pursuant to Defendant Reagor's guaranties (specified as "15%" of the total indebtedness, "if permitted by law"). *See* Dkt. 30, Ex. C at A21, D at A25, F at A35, H at A47, P at A100-104, Q at A106-110, S at A118, U at A131, W at A141, X at A145.

While Ford Credit believes the evidence attached to its Motion for Summary Judgment satisfy its burden of proof on the attorney fees and costs incurred, Ford Credit is submitting supplemental affidavits from its counsel further attesting to the reasonableness and necessity of the attorneys' fees and costs incurred by Ford Credit with each firm in representing Ford Credit in this action and the related litigations.

## CONCLUSION

For the reasons stated herein and in Ford Credit's Motion to Amend its Proposed Judgment, including the affidavits and supplemental affidavits submitted in support thereof, Ford Credit requests that this Court enter judgment in Ford Credit's favor and against Defendant Reagor in the amount demonstrated and established by Ford Credit.

[NEXT PAGE – SIGNATURE BLOCK]

Respectfully submitted,

|  |  |
|---|---|
|  | *And* |
| **PHILLIPS LYTLE LLP** | **LANGLEY LLP** |
| By: */s/ Craig Leslie*_____ | By: */s/ Brandon K. Bains*_____ |
| Craig A. Leslie, Esq. | Keith A. Langley, Esq. |
| One Canalside | State Bar No. 11919500 |
| 125 Main Street | Brandon K. Bains, Esq. |
| Buffalo, New York  14203 | State Bar No. 24050126 |
| 716-847-8400 | 1301 Solana Blvd. |
| 716-852-6100 (Fax) | Building 1, Suite 1545 |
| cleslie@phillipslytle.com | Westlake, Texas  76262 |
| **COUNSEL FOR PLAINTIFF** | 214-722-7171 |
|  | 214-722-7161 (Fax) |
|  | klangley@l-llp.com |
|  | bbains@l-llp.com |
|  | **COUNSEL FOR PLAINTIFF** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2019, a copy of the foregoing Reply to Defendant Bart Reagor's Objections was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

> */s/ Craig A. Leslie*_____
> Craig A. Leslie