IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FORD MOTOR CREDIT COMPANY LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.:  5:18-cv-00186 |
| BART REAGOR AND RICK DYKES, | § | |
|     Defendants. | § | |

### PLAINTIFF FORD MOTOR CREDIT COMPANY LLC'S
### MOTIONS IN LIMINE

Plaintiff Ford Motor Credit Company LLC ("Ford Credit") brings these motions in limine seeking an order prohibiting Defendant Reagor, and his respective attorneys and witnesses, from making any reference, mention, statement, suggestion, or allusion to, giving any testimony or arguments concerning, or offering or introducing any exhibits at trial concerning any of the following:

**Motion in Limine No. 1 – "Commercial Reasonableness" of Ford Credit's Disposal of Collateral from the Reagor-Dykes Dealerships**

The Court should exclude any evidence or reference (either during trial or in the jury instructions) to the "commercial reasonableness" of Ford Credit's disposal of collateral previously held by the Reagor-Dykes Dealerships - an issue that Defendant Reagor has attempted to raise for the first time in his filings on September 13, 2019 (Dkt. 71).  As set forth below, Defendant Reagor's breach of his unambiguous guaranties has been established, and liability-related issues, including Ford Credit's process for disposing of its secured collateral, are of no consequence or relevance to the jury's determination of the damages that Ford Credit is entitled to recover from Defendant Reagor.  And, in any event, Defendant Reagor waived any argument based on Ford

Credit's disposal of its secured collateral by failing to timely raise it as an affirmative defense. *See* Dkt. 23, 40, 50.

On May 24, 2019, this Court granted Ford Credit's motion for summary judgment "for essentially the reasons argued in the well-reasoned and thorough briefing presented by [Ford Credit]." Dkt. 48. Specifically, the Court overruled Defendant Reagor's objections to the summary judgment evidence presented by Ford Credit, finding that the terms of Defendant Reagor's personal guaranties to Ford Credit were "clear and unambiguous," and that multiple defaults had occurred. *Id.* The Court also held that "no properly pleaded affirmative defense" created a "genuine issue of material fact preventing the entry of judgment." *Id.*

In its order on Ford Credit's summary judgment motion, the Court determined that Defendant Reagor is obligated to repay for Credit "all of the [Reagor-Dykes Dealerships'] obligations … including interests, costs, and attorneys' fees." *Id.* The Court's summary judgment order also directed Ford Credit to submit an amended proposed judgment to account for the passage of time from the date its motion was filed. *See id.* The Court permitted Defendant Reagor to submit his objection, if any, to the "sums or calculations contained in Ford Credit's amended proposed judgment." *Id.* None of Defendant Reagor's objections challenged, let alone alluded to, the means, manner, or "commercial reasonableness" of Ford Credit's disposition of the collateral previously held by the Reagor-Dykes Dealerships. Dkt. 50. Accordingly, the only issues remaining for trial in this action are the "sums or calculations" of all amounts constituting the damages Ford Credit is entitled to recover from Defendant Reagor, so that a "properly calculated" judgment may be entered against him.

On September 13, 2019, however, Defendant Reagor filed his Proposed Jury Instructions and Charge of Court, which purport to raise – for the first time – a defense that Ford Credit did not

dispose of collateral previously held by the Reagor-Dykes Dealerships in a "commercially reasonable" manner. *See* Dkt. 71. By belatedly attempting to inject the issue of "commercial reasonableness" into the upcoming trial, Defendant Reagor is attempting to re-litigate liability issues and this Court's order granting Ford Credit's motion for summary judgment.

But liability issues, including the "commercial reasonableness" of Ford Credit's collateral disposal, are of no consequence in determining Ford Credit's "properly calculated" judgment – the only issue remaining for trial. Accordingly, any testimony, evidence, or reference is irrelevant, inadmissible, and should not be submitted to the jury. *See* Fed. R. Evid. 401(b), 402; *see generally N.J. Collins, Inc. v. Pac. Leasing, Inc.*, 1999 WL 681393, at *1 (E.D. La. Aug. 31, 1999) (holding that when a defendant's liability for breach of contract is established, evidence offered to disprove the defendant's liability is precluded at trial).

Testimony and evidence Defendant Reagor may wish to offer in support of his newly-minted 'commercial reasonableness" defense is also irrelevant because Defendant Reagor has waived any such defense. A defense based on the commercial reasonableness of a lender's disposal of collateral is an affirmative defense that must be pleaded in a defendant's answer. *See generally FDIC v. Blanton*, 918 F.2d 524, 527 n.2 (5th Cir. 1990); *Ingraham v. U.S.*, 808 F.2d 1075, 1078 (5th Cir. 1987); Fed. R. Civ. Pro. 8(c). Failure to raise an affirmative defense in a responsive pleading results in its forfeiture unless it is raised by the defendant at a "pragmatically sufficient time," such that the plaintiff is afforded sufficient notice to prepare and contest the defense and "is not prejudiced in its ability to respond." *See NewCSI, Inc. v. Staffing 360 Solutions, Inc.*, 865 F.3d 251, 259 (5th Cir. 2017).

Defendant Reagor's raising the issue of "commercial reasonableness" a mere 17 days before trial, and without identifying any supporting evidence or expert testimony, fails that test.

*See Radio Networks, LLC v. Baisden Enterprises, Inc.*, 2017 WL 6759943, at *6 (N.D. Tex. Dec. 29, 2017) (a defendant is not entitled to a jury instruction on a particular defense where it can identify no evidence to support it). Preclusion is therefore warranted, and any other result would unduly prejudice Ford Credit.

If Defendant Reagor intended to raise the issue of "commercial reasonableness" with respect to Ford Credit's disposal of collateral from the Reagor-Dykes Dealerships, it was incumbent on him to do so as an affirmative defense in his answer (Dkt. 23), in response to Ford Credit's motion for summary judgment (Dkt. 40), or, at a minimum, in his filed objections to Ford Credit's proposed amended judgment (Dkt. 50). He did none of these.

Even after Defendant Reagor received notice that Ford Credit was liquidating its secured collateral from the Reagor-Dykes Dealerships, he never objected to the method of disposal. After months of silence on the issue, Defendant Reagor has waived any "commercial reasonableness" defense, and any argument that Ford Credit must prove at trial that it disposed of collateral in a "commercially reasonable" manner in order to recover any judgment against him. *Sew NewCSI, Inc.*, 865 F.3d at 259.[1]

At a minimum, evidence concerning "commercial reasonableness" must be excluded as unfairly prejudicial to Ford Credit, inherently confusing, and misleading to the jury. *See* Fed. R. Evid. 403. Defendant Reagor's proposed jury instructions (Dkt. 71) demonstrate how evidence on "commercial reasonableness" will serve only to confuse and mislead, and its prejudicial effect on Ford Credit's efforts to establish its properly-calculated damages outweighs any probative value.

---

1   Defendant Reagor's argument that the commercially reasonable disposal of collateral is a requirement that cannot be waived, conflates the statutory the requirements of Texas' Uniform Commercial Code with his pleading obligations under Rule 8(c). The cases he cites in support of this argument did not address a situation where the affirmative defense of "commercial reasonableness" was waived by a failure to plead, and are inapposite.

Specifically, Defendant Reagor proposes instructions which suggest that the jury can deny judgment to Ford Credit if it did not dispose of collateral in a "commercially reasonable" manner. *See* Dkt. 71.  The instruction misstates Texas law, which provides that even if a creditor fails to dispose of collateral in a "commercially reasonable" manner, that failure does not automatically preclude the creditor from recovering its deficiency.  *See* Tex. Bus. & Com. Code § 9.626(a)(3).  Rather, it may reduce the amount of that recovery by the amount that the creditor would have realized had it disposed of the collateral in a "commercially reasonable" manner (*see* Tex. Bus. & Com. Code § 9.626(a)(3)(B)), but only where the defendant has raised this issue as an affirmative defense and produced supporting proof – neither of which Defendant Reagor has done in this case.

Because Defendant Reagor failed to timely raise, and has therefore waived, any defense based on Ford Credit's disposal of its secured collateral,[2] and because the "commercial reasonableness" of that disposal is wholly irrelevant to the proper calculation of the damages Ford Credit is entitled to recover, Defendant Reagor should be precluded from offering any evidence on the issue.

**Motion in Limine No. 2 − June 30, 2017 Email from Ford Credit Employee Gwen Schmucker**

Ford Credit requests that the Court exclude any evidence, testimony, or reference to an email from Gwen Schmucker dated June 30, 2017 re: Corrected Reagor Dykes Audit Results 6/27-28 with attached reports (the "E-mail") because it is irrelevant, confusing, misleading and inadmissible hearsay.  Defendant Reagor's belated designation of this E-mail as an expected trial exhibit (Dkt. 70) suggests another improper attempt to re-litigate liability issues at trial.  These allegations were the focus of both Defendant Reagor's attempt to delay consideration of Ford

---

[2]   Ford Credit denies that any collateral was disposed of in other than a "commercially reasonable" manner, and Defendant Reagor has not disclosed any evidence to the contrary, nor any witness that will opine to the contrary.

**Page 5**

Credit's motion for summary judgment and his opposition to Ford Credit's motion for summary judgment (*see* Dkt. 33, 40). And they have already been rejected by this Court (Dkt. 48).

The specific E-mail attached to Defendant Reagor's "Supplemental" Rule 26 disclosure refers to audit results for the Reagor-Dykes Dealerships in June 2018. Audit results from the Reagor-Dykes Dealerships are, however, wholly irrelevant to the damages Ford Credit is entitled to recover from Defendant Reagor − the only matter at issue for trial. As set forth above, Defendant Reagor's liability to Ford Credit pursuant to his unambiguous personal guaranties was established by this Court in its order granting Ford Credit's summary judgment motion.

The E-mail, and any other evidence or testimony concerning liability-related allegations against Ford Credit and/or its employees that Defendant Reagor now seemingly intends to dredge up at trial (*see* Motion in Limine 3, below), are of no consequence in determining the sole remaining issue in this action − the damages that Ford Credit is entitled to recover from Defendant Reagor. Therefore, the E-mail, and any other evidence or testimony concerning liability issues, is inadmissible pursuant to Federal Rules of Evidence 401 and 402.

Moreover, such evidence should be excluded as unfairly prejudicial to Ford Credit, inherently confusing, and misleading to the jury. *See* Fed. R. Evid. 403. Specifically, the E-mail and liability-related evidence, to the extent they go to any issue at all, go only to the already-decided issue of liability (which this Court resolved in favor of Ford Credit), and are without any probative value as to the jury's "proper calculation" of Ford Credit's damages.

Finally, the E-mail is inadmissible hearsay. The E-mail is an out-of-court statement that Defendant Reagor apparently intends to offer for the truth of the matter asserted (*see* Fed. R. Evid. 801(c)), does not pertain to any issue to be decided at trial, and is not subject to any hearsay

exception (*see* Fed. R. Evid. 803). *See Network Multifamily Sec. Corp. v. Homes for Am. Holdings, Inc.*, 2012 WL 13093946, at *4 (N.D. Tex. (Aug. 29, 2012).

**Motion in Limine No. 3 – Evidence Concerning Ford Credit Employee Gary Byrd**

Ford Credit requests that the Court exclude any evidence, testimony, or reference at trial to allegations Defendant Reagor has previously raised concerning Ford Credit employee Gary Byrd, or any similar allegations, because they are irrelevant, their prejudicial effect outweighs any probative value, and they are both baseless and flatly contradicted by the results of the FBI's criminal investigation of the Reagor-Dykes Dealerships.

In his motion to delay summary judgment, and in his opposition to Ford Credit's summary judgment, Defendant Reagor made baseless and speculative allegations of misconduct against Mr. Byrd in an attempt to avoid Defendant Reagor's own liability for losses suffered by Ford Credit as a result of the fraud perpetrated at the Reagor-Dykes Dealerships. Dkt. 33, 40. This Court concluded that such baseless allegations provided no basis to delay or deny judgment to Ford Credit. Dkt. 48. Therefore, any evidence, testimony, or reference to Gary Byrd that Defendant Reagor may attempt to offer at trial is of no consequence to Ford Credit's "properly calculated damages," and is irrelevant and inadmissible. Fed. R. Evid. 401(b), 402.

Even if Defendant Reagor could argue the relevance of any testimony, evidence, or reference to Gary Byrd (he cannot), the prejudicial effect that permitting such evidence, testimony, or reference would have on Ford Credit's efforts to establish its damages claim outweighs any probative value Defendant Reagor may attempt to ascribe to his baseless allegations.

The FBI's criminal investigation of the Reagor-Dykes Dealerships, and the guilty plea from the dealerships' CFO, have confirmed that Ford Credit was the primary victim of the Reagor-Dykes Dealerships' floorplan financing fraud. *See USA v. Smith*, Case No. 2:19-cv-079-D-BR,

Dkt. 11. Neither Gary Byrd, nor any of Ford Credit's other employees, caused or contributed to the fraudulent conduct at the Reagor-Dykes Dealerships. *See id.*

At best, Defendant Reagor's disproven allegations concerning Gary Byrd (or any similar allegations against any other Ford Credit employee) are strictly speculative, lack any rational basis in fact, and are incapable of rising to the standard for admissibility. Fed. R. Evid. 701; *see DataTreasury Corp. v. Wells Fargo & Co.*, 2010 WL 11538713, at *14 (E.D. Tex. Feb. 26, 2010) (granting motion in limine and excluding speculative evidence that risked unfairly engendering hostility towards one party). Based on the foregoing, Defendant Reagor should be barred from any insinuation at trial that Gary Byrd, or any other Ford Credit employee, was in any way involved or implicated in the fraudulent conduct that occurred at the Reagor-Dykes Dealerships.

## CONCLUSION

Based on the foregoing, Ford Credit respectfully submits that any evidence, testimony, or reference to: (1) the "commercial reasonableness" of Ford Credit's disposal of collateral from the Reagor-Dykes Dealerships; (2) the "E-mail" and other liability-related evidence; and (3) Gary Byrd must be precluded at trial.

Respectfully submitted,

**BAKER BOTTS LLP**

By: */s/ Michael S. Goldberg*
Michael S. Goldberg, Esq.
State Bar No. 08075800
910 Louisiana Street
Houston, Texas  77002-4995
713-229-1401
713-229-2801 (Fax)
michael.goldberg@bakerbotts.com
**COUNSEL FOR PLAINTIFF**

**PHILLIPS LYTLE LLP**
Craig A. Leslie, Esq.
One Canalside
125 Main Street
Buffalo, New York  14203
716-847-8400
716-852-6100 (Fax)
cleslie@phillipslytle.com
**COUNSEL FOR PLAINTIFF** *Pro Hac Vice*

## **CERTIFICATE OF CONFERENCE**

I certify that counsel for Defendant Bart Reagor and counsel for Plaintiff Ford Motor Credit Company LLC conferred in good faith on September 19, 2019 with respect to the requests for relief in the foregoing Motions in Limine. Defendant Bart Reagor, is opposed to the relief sought therein.


*/s/ Michael S. Goldberg*
Michael S. Goldberg

## **CERTIFICATE OF SERVICE**

I certify that on September 19, 2019, I served this document by the Electronic Case Filing System for the United States District Court for the Northern District of Texas.

*/s/ Michael S. Goldberg*
Michael S. Goldberg