IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FORD MOTOR CREDIT COMPANY LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No.:  5:18-cv-00186 |
| | § | |
| BART REAGOR AND RICK DYKES, | § | |
| Defendants. | § | |

**FORD MOTOR CREDIT COMPANY LLC'S OBJECTION TO DEFENDANT
BART REAGOR'S PROPOSED JURY INSTRUCTIONS AND CHARGE OF COURT**

Plaintiff Ford Motor Credit Company LLC ("Ford Credit") submits this objection to Defendant Reagor's Proposed Jury Instructions and Charge of Court, which improperly attempt to raise – for the first time in this case – the unpleaded defense that Ford Credit did not dispose of collateral previously held by the Reagor-Dykes Dealerships in a "commercially reasonable" manner.[1]  *See* Dkt. 71.  Defendant Reagor proposes to make "commercial reasonableness" an issue for trial, but he forfeited any such argument by failing to raise it in his answer (Dkt. 23), in opposition to Ford Credit's summary judgment motion (Dkt. 40), during Ford Credit's disposal of collateral from the Reagor-Dykes Dealerships, or in his filed objection to Ford Credit's proposed amended judgment (Dkt. 50).  *See NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 259 (5th Cir. 2017).

A defense based on the commercial reasonableness of a lender's disposal of collateral is an affirmative defense that must be raised in a defendant's answer.  *See generally FDIC v. Blanton*, 918 F.2d 524, 527 n.2 (5th Cir. 1990); *Ingraham v. U.S.*, 808 F.2d 1075, 1078 (5th Cir.

---

[1] Ford Credit denies that any collateral was disposed of in other than a "commercially reasonable" manner, and Defendant Reagor has not disclosed any evidence to the contrary, nor any expert that will opine to the contrary.

1987); Fed. R. Civ. P. 8(c).  Failure to raise an affirmative defense in a responsive pleading results in its forfeiture unless it is raised by the defendant at a "pragmatically sufficient time" such that the plaintiff is afforded sufficient notice to prepare and contest the defense and "is not prejudiced in its ability to respond."  *NewCSI, Inc.*, 865 F.3d at 259.

Defendant Reagor's raising "commercial reasonableness" for the first time in his proposed jury instructions a mere seventeen days before trial, and without identifying so much as a shred of supporting evidence or expert testimony, is not "pragmatically sufficient."  And permitting him to raise the defense at this late stage, and without any evidentiary support, unduly prejudices Ford Credit ability to respond to the purported defense.[2]  *See id.*

Ford Credit commenced this action to recover damages for Defendant Reagor's breach of his personal guaranties more than a year ago, and Defendant Reagor was afforded multiple opportunities to challenge the "commercial reasonableness" of Ford Credit's disposal of collateral from the Reagor-Dykes Dealerships over that time.  He never did.

Defendant Reagor failed to plead it as an affirmative defense in his answer (Dkt. 23), failed to raise the issue of commercial reasonableness in response to Ford Credit's motion for summary judgment (Dkt. 40), and failed to raise the issue in his filed objections to Ford Credit's proposed amended judgment (Dkt. 50).  Defendant Reagor's silence on this issue is particularly significant considering that he received notice of the means and method for Ford Credit's disposal of its secured collateral as it was occurring, but never objected, or sought to raise this issue, until now.

---

[2]    Defendant Reagor's anticipated argument that "commercial reasonableness cannot be waived" conflates: (1) the statutory provisions of Texas's Uniform Commercial Code precluding prospective waivers of commercial reasonableness; with (2) his pleading obligations under Rule 8(c) and the authority recognizing waiver when a party fails to raise commercial reasonableness an affirmative defense.

Even if Defendant Reagor had properly and timely raised his alleged "commercial reasonableness" defense, his proposed jury instructions contradict Texas law and would serve only to confuse and mislead the jury. Specifically, Defendant Reagor's proposed instructions and charges incorrectly suggest that the jury could deny judgment to Ford Credit if the jury were to find that Ford Credit did not dispose of collateral in a "commercially reasonable" manner. *See* Dkt. 71.

That is not correct under Texas law. Instead, Texas law provides that, if a creditor fails to dispose of collateral in a "commercially reasonable" manner, that failure does not automatically preclude the creditor from recovering its deficiency. *See* Tex. Bus. & Com. Code § 9.626(a)(3). Instead, it only reduces the amount of the creditor's recovery by the additional amount that the creditor would have realized had it disposed of the collateral in a "commercially reasonable" manner. *See* Tex. Bus. & Com. Code § 9.626(a)(3)(B).

In order to secure such a reduction, however, Defendant Reagor was required to first place "commercial reasonableness" in issue by raising it as an affirmative defense. *See id.* § 9.626(a)(1)-(2). Defendant Reagor was then required to both disclose and present evidence in support of such a defense and to establish that the collateral was not, in fact, disposed of in a "commercially reasonable" manner. *See, e.g.*, *Just Fondue It, L.L.C. v. Comerica Bank*, No. 03-18-00066-CV, 2019 WL 1372018, at *3-4 (Tex. App.—Austin, Mar. 17, 2019, no pet.); *Lister v. Lee-Swofford Invs., L.L.P.*, 195 S.W.3d 746, 752-53 (Tex. App.—Amarillo 2006, no pet.).

Defendant Reagor has done neither here, and the time to do so has long passed (at an absolute minimum, this issue should have been raised in opposition to Ford Credit's motion for summary judgment). Defendant Reagor's proposed jury instructions would impermissibly

- 3 -

require the jury to pass upon the issue of the "commercial reasonableness" and require the jury to speculate as to whether Ford Credit's disposal of collateral met that standard and, if not, what reduction, if any, should be made to Ford Credit's recovery.  *See* Dkt. 71.

## CONCLUSION

For these reasons, Ford Credit respectfully requests that the Court reject Defendant Reagor's proposed jury instructions to the extent they include questions concerning the "commercial reasonableness" of Ford Credit's disposal of collateral from the Reagor-Dykes Dealerships.

Respectfully submitted,

**BAKER BOTTS LLP**

By:     */s/ Michael S. Goldberg*
Michael S. Goldberg, Esq.
State Bar No. 08075800
910 Louisiana Street
Houston, Texas  77002-4995
713-229-1401
713-229-2801 (Fax)
michael.goldberg@bakerbotts.com
**COUNSEL FOR PLAINTIFF**

And

**PHILLIPS LYTLE LLP**
Craig A. Leslie, Esq.
One Canalside
125 Main Street
Buffalo, New York  14203
716-847-8400
716-852-6100 (Fax)
cleslie@phillipslytle.com
**COUNSEL FOR PLAINTIFF Pro Hac Vice**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 20, 2019, I served this document by the Electronic Case

Filing System for the United States District Court for the Northern District of Texas.

*/s/ Michael S. Goldberg*
Michael S. Goldberg